# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0337, <u>State of New Hampshire v. Grace Woodham</u>, the court on June 29, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See Sup. Ct. R.</u> 20(2).  The defendant, Grace Woodham, appeals an order of the Superior Court (<u>Bornstein</u>, J.), following a hearing, finding that she is dangerous, within the meaning of RSA 135:17-a, V (2021), and ordering that she remain in custody for 90 days to be evaluated for the appropriateness of involuntary treatment.  The defendant challenges the finding of dangerousness, asserting that, in so finding, the trial court improperly relied upon certain events that were too remote, and that the evidence did not support a finding that she is a danger.  Although the defendant acknowledges that the 90-day detention period has expired, she urges us to address her appeal on its merits, arguing that the finding of dangerousness carries a stigma, and that her appeal raises issues of pressing public interest that are capable of repetition but evade judicial review.  <u>See</u> <u>Olson v. Town of Grafton</u>, 168 N.H. 563, 566 (2016).  The State counters that the case is moot, and urges us to dismiss it.

A matter is moot when it no longer presents a justiciable controversy because the issues involved in the case have become academic or dead.  <u>Londonderry Sch. Dist. v. State</u>, 157 N.H. 734, 736 (2008).  Nevertheless, "[m]ootness is not subject to rigid rules, but is a matter of convenience and discretion."  <u>Royer v. State Dep't of Empl. Security</u>, 118 N.H. 673, 675 (1978).  A case may not be moot if it "presents legal issues that are of pressing public interest and are capable of repetition yet evading review."  <u>Olson</u>, 168 N.H. at 566 (quotation omitted).  In this case, we agree with the State that the issues raised are moot.  In light of the facts and circumstances in this case, we are not persuaded that it presents a matter of sufficiently pressing public interest or the potential for stigmatization that warrants deciding it on the merits.  When a case becomes moot on appeal "due to circumstances unattributable to any of the parties," vacatur — remand to the trial court with instructions to vacate its judgment — tends to be favored.  <u>U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership</u>, 513 U.S. 18, 23 (1994) (quotation omitted).  "A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment."

Id. at 25.  Accordingly, we vacate the superior court's decision and remand with instructions to dismiss on the grounds of mootness.

<u>Vacated and remanded</u>.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**